IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON M. KURLAND<br><br>Plaintiff,<br><br>- against –<br><br>FIREMAN'S FUND INSURANCE COMPANY<br><br>Defendant. | Civil Action No. 9:21-cv-6440<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Jason M. Kurland ("Mr. Kurland" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendant Fireman's Fund Insurance Company ("Fireman's Fund" or "Defendant"). In support thereof, Mr. Kurland alleges as follows:

## NATURE OF ACTION

1. This is an insurance coverage action arising out of Fireman's Fund's wrongful refusal to provide insurance coverage to Mr. Kurland. Specifically, through this Action, Mr. Kurland seeks to recover damages and related declaratory relief arising out of Fireman's Fund's repudiation of its obligation to advance defense costs under an insurance policy benefiting Mr. Kurland.

2. In exchange for a substantial premium, Fireman's Fund issued $10,000,000 in lawyers' professional liability insurance (the "Policy") to Rivkin Radler, LLP ("Rivkin Radler" or the "Firm"), a New York law firm where Mr. Kurland formerly served as an equity partner. The insurance policy sold by Fireman's Fund required Fireman's Fund to advance the costs incurred

1

by Mr. Kurland defending against a "**Claim**."[1] In August 2020, Mr. Kurland was indicted by a grand jury in a 21-count indictment (the "Indictment").[2] Mr. Kurland expressly denies the allegations in the Underlying Action.

3. Mr. Kurland promptly notified Fireman's Fund of the Underlying Action and requested that Fireman's Fund advance the costs incurred by Mr. Kurland in defending himself in the Underlying Action upon exhaustion of the relevant self-insured retention. To date, Fireman's Fund has refused to advance such costs. Fireman's Fund's failure to do so constitutes a breach of contract.

4. Fireman's Fund's refusal to effectuate its obligations under the Policy to provide Mr. Kurland with defense coverage on a current basis (as is his right under the Policy) has left Mr. Kurland alone to face criminal allegations and mounting defense fees, while simultaneously now requiring him to incur the significant added expense of pursuing this coverage claim.

5. Accordingly, Mr. Kurland now brings this action for breach of contract and declaratory relief, seeking compensatory damages equivalent to the defense costs he has thus far incurred in relation to the Underlying Action, and a declaration by the Court that, going forward, Mr. Kurland's defense costs must be fully covered and paid so that he can mount his defense to the Underlying Action specifically guaranteed to him under the Policy.

## PARTIES AND RELEVANT NON-PARTIES

6. Plaintiff Jason M. Kurland is an individual domiciled in New York. Mr. Kurland is a former equity partner of the Firm, where he worked until 2020, and is insured by the Policy.

---

[1] Terms in bold are defined in the Policy.

[2] The underlying case is captioned *United States v. Chierchio et al.*, No. 20 Cr. 306 (E.D.N.Y.) (the "Underlying Action").

7. Upon information and belief, Defendant Fireman's Fund is an insurance company incorporated under the laws of California with its principal place of business in Illinois and which is authorized to transact, and actually transacts, business in the State of New York.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties to the action and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. The Court has specific personal jurisdiction over this action because Fireman's Fund purposefully availed itself of the laws of New York through the issuance of the Policy at issue to the Firm, a New York limited liability partnership.

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because the substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

### A. The Policy

11. In exchange for a substantial premium, Fireman's Fund issued the Firm a "Professional Liability Insurance Policy," No. USFF006011200, effective for the period January 25, 2020, through January 25, 2021. *See* Ex. A at Declarations Page.

12. The Policy provides a Limit of Liability of $10,000,000 for each **Claim** and $20,000,000 in the aggregate, subject to a $500,000 deductible per claim as a self-insured retention.[3] *See id.*; Self-Insured Retention Endorsement.

---

[3] Mr. Kurland has satisfied the self-insured retention.

13. Pursuant to the Self-Insured Retention Endorsement, Fireman's Fund agreed to "assume the right and duty to defend [Mr. Kurland] . . . even if any of the charges of the **Claim** are groundless, false or fraudulent." *Id.* at Self-Insured Retention Endorsement.

14. The basic insuring agreement of the Policy, as amended by Endorsement Nos. 4 and 7, as well as the Self-Insured Retention Endorsement, provides:

> [Fireman's Fund] will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the **Insured** and reported to [Fireman's Fund] during the **Policy Period** or Extended Reporting Period, as applicable, arising out of any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** for others by an **Insured** covered under this policy.

*Id.* § I; Endorsement Nos. 4 & 7; Self-Insured Retention Endorsement.

15. The Policy, as amended by Endorsement No. 4, defines "**Claim**" to mean "a demand for money or services, or the filing of suit or institution of arbitration proceedings or alternative dispute resolution naming an **Insured** and alleging a[n] act, error, omission or **Personal Injury** resulting from the rendering of or failure to render **Professional Services**. **Claim** does not include proceedings seeking injunctive or other non-pecuniary relief." *Id.* § VIII; Endorsement No. 4.

16. The Policy defines "**Damages**" to mean "compensatory judgments, settlements or awards but does not include punitive or exemplary damages, sanctions, fines or penalties assessed directly against any **Insured**, the return of fees or other consideration paid to the **Insured**, or that portion of any award or judgment caused by the trebling or multiplication of actual damages under federal or state law." *Id.* § VIII.

17. The Policy defines an "**Insured**" as "any person or organization qualifying as an **Insured** in the '**Persons Insured**' provision[.]" *Id.* "**Persons Insured**" include, among others:

4

> A. The entity or person named in Item 1 of the Declarations as the **Named Insured**;
>
> B. Any Predecessor in Business or Successor in Business; [and]
>
> C. *Any past partners*, officers, directors, stockholders or employees of any person or entity specified in item A. or B. above . . ., but only while acting within the scope of their duties on behalf of such person or entity[.]"

*Id.* § II.A-C (emphasis added).

18. Mr. Kurland is an **Insured** under the Policy because he is a past partner of the **Named Insured**, the Firm and acted within the scope of his duties with respect to the matters alleged in the Underlying Action.

19. The Policy defines "**Professional Services**," in relevant part, as:

> services performed or advice given by the **Insured** in the **Named Insured's** practice as a law firm or legal professional; . . .
>
> \*\*\*
>
> (c) services as a trustee, administrator, conservator, executor, guardian, receiver, or similar fiduciary capacity; . . . [and]
>
> \*\*\*
>
> (f) services performed by the Insured in a lawyer-client relationship on behalf of one or more clients shall be deemed for the purpose of this section to be the performance of **Professional Services** for others in the **Insured's** capacity as a lawyer, although such services could be performed wholly or in part by non-lawyers.

*Id.* § VII(a), (c), (f).

    **B.**    <u>**The Underlying Action**</u>[4]

---

[4] The following factual allegations are taken from the Indictment, as well as a letter filed by the government on August 18, 2020 seeking permanent orders of detention against Mr. Kurland and his co-defendants (the "Detention Memo"). By reciting the facts herein, Mr. Kurland does not in any way admit the veracity of the criminal allegations, and, in fact, disputes all underlying charges and expressly denies all wrongdoing.

5

20. During Mr. Kurland's tenure as an equity partner, he was retained by several lottery winners to render his professional legal services on behalf of the Firm (the "Lottery Clients"). In exchange for Mr. Kurland's services, the Lottery Clients made both upfront and monthly payments to the Firm.

21. On or about August 13, 2020, a grand jury indicted Mr. Kurland in the United States District Court for the Eastern District of New York on 16 counts related to conspiracy to commit wire fraud, wire fraud, honest services wire fraud, conspiracy to commit money laundering, and money laundering. *See* Ex. B. The grand jury also indicted several other individuals as Mr. Kurland's alleged co-conspirators and co-defendants in the Underlying Action (collectively with Mr. Kurland, the "Underlying Defendants"). *See id.*

22. The government contends that the Underlying Defendants conspired to defraud the Lottery Clients of their winnings. The Indictment also alleges, in part, that Mr. Kurland "ow[ed] a duty of honest services to the Lottery [Clients]" as their attorney that he violated. Ex. B ¶ 3; *see also* Ex. C at 1. The government also avers that Mr. Kurland's actions occurred between March 2018 and August 2020, *see* Ex. B, during which time he was an equity partner at the Firm. *See* Ex. C at 2.

23. Upon conviction, the government seeks forfeiture of "any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of [the alleged] offenses[.]" Ex. B ¶ 10. In addition, Mr. Kurland faces the potential for court-ordered restitution to the alleged victims if convicted.

24. Mr. Kurland denies all allegations against him in the Underlying Action.

    **C.**     **Fireman's Fund Wrongfully Denies Coverage**

25. On or about August 31, 2020, Mr. Kurland provided Fireman's Fund with notice of Underlying Action.

26. On or about October 12, 2020, Fireman's Fund informed Mr. Kurland via letter that coverage was not available to him based on the mistaken premise that the Policy's insuring agreement was not triggered. In this regard, Fireman's Fund denied coverage by asserting that Underlying Action is not "a **Claim** for **Damages**," as those terms are defined by the Policy.

27. Fireman's Fund's denial of coverage directly contravenes the Policy's definitions of "**Claim**" and "**Damages**," defined above. The Underlying Action constitutes a "**Claim**" for "**Damages**" arising from the rendering of "**Professional Services**."

28. Indeed, the Underlying Action is a suit naming an **Insured**; the Underlying Action alleges an act, error, omission or **Personal Injury**; the alleged act, error, omission or **Personal Injury** resulted from the rendering or failure to render **Professional Services**; and the Underlying Action is not a proceeding seeking an injunction or other non-pecuniary relief.

29. Moreover, the Underlying Action seeks criminal forfeiture and restitution, which constitute **Damages**.

30. Accordingly, the Indictment triggered the Policy's insuring agreement, and Fireman's Fund is contractually obligated to advance defense costs Mr. Kurland has incurred, and continues to incur, in relation to the Underlying Action.

### FIRST CAUSE OF ACTION
**(Breach of Contract – Duty to Advance Defense Costs)**

31. Mr. Kurland repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein, except as they may be inconsistent with the specific allegations contained in this First Cause of Action.

32. The Policy constitutes a valid and enforceable contract in which Mr. Kurland has a lawful interest.

33. Mr. Kurland is insured under the Policy and has satisfied the applicable self-insured retention.

34. Pursuant to the Policy, the Underlying Action, including the Indictment and Detention Memo, constitutes a covered **Claim** for **Damages** committed before the expiration of the **Policy Period**, and together these allegations constitute a single **Claim** arising from the same acts, errors, omissions or **Personal Injury** in the rendering of or failure to render **Professional Services** for others.

35. Pursuant to the Policy, Mr. Kurland is entitled to the advancement of defense costs, including fees and expenses, he has incurred, and continues to incur, in relation to the Underlying Action.

36. Mr. Kurland gave Fireman's Fund timely notice of the **Claim** under the Policy.

37. Mr. Kurland made a demand for coverage, in writing, including for payment on a current basis of his fees and expenses incurred in the Underlying Action.

38. Mr. Kurland has fully complied with all terms, conditions, and prerequisites to coverage set forth in the Policy, or has been excused from compliance with such terms, conditions, or prerequisites as a result of Fireman's Fund's breaches and/or other conduct.

39. Mr. Kurland has sustained, and is continuing to sustain, a substantial amount of fees and expenses in defense of the Underlying Action, including the Indictment and Detention Memo, which Fireman's Fund is obligated to cover and/or reimburse on a current basis under the Policy.

40. Fireman's Fund has materially breached, and actively continues to materially breach, its obligations under the Policy on a current basis.

41. As a result of this material and continuing breach, Mr. Kurland has suffered damages and will continue to suffer damages in an amount greater than $75,000 to be determined in this action at trial, plus consequential damages, attorneys' fees, and pre- and post-judgment interest to the extent permitted by law.

## SECOND CAUSE OF ACTION
### (Declaratory Relief)

42. Mr. Kurland repeats and re-alleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein, except as they may be inconsistent with the specific allegations contained in this Second Cause of Action.

43. The Policy is a valid and enforceable contract under which Mr. Kurland has a lawful interest.

44. Mr. Kurland is insured under the Policy and has satisfied the applicable self-insured retention.

45. Pursuant to the terms of the Policy, and subject to the applicable $500,000 self-insured retention, Fireman's Fund must pay up to $10,000,000 incurred by or on behalf of Mr. Kurland resulting from a **Claim** for **Damages** committed before the expiration of the **Policy Period**.

46. Pursuant to the terms of the Policy, a **Claim** is defined as "a demand for money or services, or the filing of suit or institution of arbitration proceedings or alternative dispute resolution naming an **Insured** and alleging a[n] act, error, omission or **Personal Injury** resulting from the rendering of or failure to render **Professional Services**. **Claim** does not include proceedings seeking injunctive or other non-pecuniary relief."

47. Pursuant to the terms of the Policy, "**Damages**" are defined as "compensatory judgments, settlements or awards but does not include punitive or exemplary damages, sanctions,

9

fines or penalties assessed directly against any **Insured**, the return of fees or other consideration paid to the **Insured**, or that portion of any award or judgment caused by the trebling or multiplication of actual damages under federal or state law."

48. Pursuant to the terms of the Policy, the Underlying Action constitutes a **Claim** for **Damages** sought before the expiration of the **Policy Period**, and together these allegations constitute a single **Claim** arising from the same acts, errors, omissions or **Personal Injury** in the rendering of or failure to render **Professional Services** for others.

49. Mr. Kurland gave timely notice to Fireman's Fund of the Underlying Action.

50. Mr. Kurland made a demand for coverage, in writing, including for payment on a current basis of his fees and expenses incurred in the Underlying Action.

51. Mr. Kurland has fully complied with all terms, conditions, and prerequisites to coverage set forth in the Policy, or has been excused from compliance with such terms, conditions, or prerequisites as a result of Fireman's Fund's breaches and/or other conduct.

52. Mr. Kurland has sustained, and is continuing to sustain, a substantial amount of fees and expenses in defense of the Underlying Action, including the Indictment and Detention Memo, which Fireman's Fund is obligated to cover and/or reimburse on a current basis under the Policy.

53. Fireman's Fund's obligation to pay Mr. Kurland's defense costs and fees related to the Underlying Action is not exempted by any exclusion in the Policy.

54. Fireman's Fund unreasonably disputes the nature and full extent of its defense and indemnity obligations under the Policy and has failed to fulfill its obligation to pay any of Mr. Kurland's defense costs and fees related to the Underlying Action.

55. The controversy between Mr. Kurland and Fireman's Fund is thus ripe for judicial decision. Antagonistic claims are present between the parties concerning Mr. Kurland's rights and Fireman's Fund's obligations under the Policy respecting defense and indemnity coverage associated with the Underlying Action, and particularly the Indictment, and inevitable litigation will ensue.

56. The issuance of declaratory relief by this Court in favor of Mr. Kurland and against Fireman's Fund in this single action will resolve this controversy and prevent redundant litigation and judicial inefficiency.

57. Pursuant to 28 U.S.C. § 2201, the Court should enter a declaratory judgment in favor of Mr. Kurland and against Fireman's Fund, declaring that coverage is available for Mr. Kurland up to the full limit of the Policy and, pursuant to 28 U.S.C. § 2202, declaring any other relief this Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Kurland prays for relief as follows:

(i) On the First Cause of Action, Mr. Kurland requests that the Court enter an order and judgment in his favor and against Fireman's Fund awarding Mr. Kurland: (1) compensatory and consequential damages in an amount greater than $75,000 to be determined in this action or (2) in the alternative, grant injunctive relief requiring Fireman's Fund to pay defense fees and expenses, as well as any future fees and expenses up to the applicable limit of liability, incurred in relation to the Underlying Action; (3) pre- and post-judgment interest on the amount of the judgment; (4) and any other further relief as in law and justice he is entitled to receive;

(ii) On the Second Cause of Action, Mr. Kurland requests that the Court enter an order and judgment in his favor and against Fireman's Fund declaring that: (1) the Underlying Action, including the Indictment and Detention Memo, constitutes a **Claim** for **Damages** under the Policy;

(2) Mr. Kurland's defense costs and fees incurred in connection with the Underlying Action are recoverable under the Policy; (3) Mr. Kurland is entitled to future and current advancements of his defense costs and fees associated with the Underlying Action; (4) the Indictment alleges a **Claim** for **Damages** arising from the rendering of **Professional Services**; (5) the Policy obligates Fireman's Fund to pay Mr. Kurland's defense fees and expenses incurred in connection with the Underlying Action on a current basis, including for the Indictment, subject only to the Policy's respective attachment points and limit of liability; (6) Mr. Kurland is entitled to pre- and post-judgment interest on the amount of the judgment; and (7) Mr. Kurland is entitled to any such other and further relief as in law and justice that the Court deems appropriate;

(iii) For all Causes of Action, Mr. Kurland asks the Court award him all pre-judgment and post-judgment interest as allowed by law and all of Mr. Kurland's costs and expenses incurred as a consequence of having to prosecute this lawsuit, including attorneys' fees;

(iv) For all Causes of Action, Mr. Kurland requests such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Kurland hereby demands a trial by jury on all issues so triable.

Dated: November 18, 2021
New York, New York

Respectfully submitted,

**COHEN ZIFFER FRENCHMAN & MCKENNA LLP**

By: */s/ Andrew N. Bourne*
Andrew N. Bourne (No. 4172003)
abourne@cohenziffer.com
Amber N. Morris (*pro hac vice* forthcoming)
amorris@cohenziffer.com
1350 Avenue of the Americas
25th Floor
New York, New York 10019

*Attorneys for Plaintiff Jason M. Kurland*

13