UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON M. KURLAND,<br><br>                                Plaintiff<br><br>         v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>                                Defendant. | Case no. 2:21-CV-6440<br><br><br><br>**ANSWER** |

Defendant Fireman's Fund Insurance Company ("Fireman's Fund"), hereby answers the complaint, dated November 18, 2021 (ECF 1).

### Answer to "Nature of Action"

1. The averments set forth in paragraph 1 consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2. Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2, but avers that any definitions set forth in the relevant policy issued by Fireman's Fund can be found in the policy documents. Fireman's Fund denies all of paragraph 2's allegations regarding the definition of "Claim."

3. Fireman's Fund denies the allegations set forth in paragraph 3, and further avers that any denial of coverage was made in accordance with the policy's definitions and language.

4. Fireman's Fund denies the allegations set forth in paragraph 4, and further avers that any denial of coverage was made in accordance with the policy's definitions and language.

5. The averments set forth in paragraph 5 do not require a response. To the extent a response is required, Fireman's Fund denies the allegations set forth in paragraph 5.

28328751v.1

### Answer to "Parties And Relevant Non-Parties"

6. Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7. Fireman's Fund admits the allegations set forth in paragraph 7.

### Answer to "Jurisdiction and Venue"

8. The averments set forth in paragraph 8 consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

9. The averments set forth in paragraph 9 consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

10. The averments set forth in paragraph 10 consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### Answer to "Factual Background"

11. Fireman's Fund denies the allegations set forth in paragraph 11, but admits having issued an insurance policy bearing policy number USF00601120 with a policy period of January 25, 2020 to January 25, 2021.

12. Fireman's Fund denies the allegations set forth in paragraph 12, but avers that any definitions and endorsements set forth in any policy issued by Fireman's Fund can be found in the policy documents.

13. Fireman's Fund denies the allegations set forth in paragraph 13, but avers that any definitions and endorsements set forth in any policy issued by Fireman's Fund can be found in the policy documents.

-3-

14. Fireman's Fund denies the allegations set forth in paragraph 14, but avers that any definitions and endorsements set forth in any policy issued by Fireman's Fund can be found in the policy documents.

15. Fireman's Fund denies the allegations set forth in paragraph 15, but avers that any definitions set forth in the relevant policy issued by Fireman's Fund can be found in the policy documents.

16. Fireman's Fund denies the allegations set forth in paragraph 16, but avers that any definitions set forth in the relevant policy issued by Fireman's Fund can be found in the policy documents.

17. Fireman's Fund denies the allegations set forth in paragraph 17, but avers that any definitions set forth in the relevant policy issued by Fireman's Fund can be found in the policy documents.

18. Fireman's Fund denies the allegations set forth in paragraph 18, but avers that any definitions set forth in the relevant policy issued by Fireman's Fund can be found in the policy documents. Fireman's Fund denies all of paragraph 18's allegations regarding the definitions of "Insured" and "Named Insured."

19. Fireman's Fund denies the allegations set forth in paragraph 19, but avers that any definitions set forth in the relevant policy issued by Fireman's Fund can be found in the policy documents.

20. Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

-4-

21. Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21. Nevertheless, Fireman's Fund admits being aware of an insurance claim in which it is alleged that Plaintiff was indicted.

22. Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23. Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24. Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25. Fireman's Fund denies the allegations set forth in paragraph 25.

26. Fireman's Fund denies the allegations set forth in paragraph 26, and further avers that any denial of coverage was made in accordance with the Policy's definitions and language.

27. Fireman's Fund denies the allegations set forth in paragraph 27, and further avers that any denial of coverage was made in accordance with the Policy's definitions and language.

28. Fireman's Fund denies the allegations set forth in paragraph 28.

29. Fireman's Fund denies the allegations set forth in paragraph 29.

30. Fireman's Fund denies the allegations set forth in paragraph 30.

### Answer to "First Cause of Action"

31. Fireman's Fund denies the allegations set forth in paragraph 31.

32. Fireman's Fund denies the allegations set forth in paragraph 32.

33. Fireman's Fund denies the allegations set forth in paragraph 33.

34. Fireman's Fund denies the allegations set forth in paragraph 34.

35. Fireman's Fund denies the allegations set forth in paragraph 35.

36. Fireman's Fund denies the allegations set forth in paragraph 36.

37. Fireman's Fund denies the allegations set forth in paragraph 37.

38. Fireman's Fund denies the allegations set forth in paragraph 38.

39. Fireman's Fund denies the allegations set forth in paragraph 39.

40. Fireman's Fund denies the allegations set forth in paragraph 40.

41. Fireman's Fund denies the allegations set forth in paragraph 41.

## Answer to "Second Cause of Action"

42. Fireman's Fund repeats its answers and further denies any allegations set forth in paragraph 42.

43. Fireman's Fund denies the allegations set forth in paragraph 43.

44. Fireman's Fund denies the allegations set forth in paragraph 44 and further avers that any denial of coverage was made in accordance with the policy's definitions and language.

45. Fireman's Fund denies the allegations set forth in paragraph 45.

46. Fireman's Fund denies the allegations set forth in paragraph 46, but avers that any definitions set forth in the relevant policy issued by Fireman's Fund can be found in the policy documents.

47. Fireman's Fund denies the allegations set forth in paragraph 47, but avers that any definitions set forth in the relevant policy issued by Fireman's Fund can be found in the policy documents.

48. Fireman's Fund denies the allegations set forth in paragraph 48, but avers that any definitions set forth in the relevant policy issued by Fireman's Fund can be found in the policy documents.

49. Fireman's Fund denies the allegations set forth in paragraph 49.

28328751v.1

50. Fireman's Fund denies the allegations set forth in paragraph 50.

51. Fireman's Fund denies the allegations set forth in paragraph 51.

52. Fireman's Fund denies the allegations set forth in paragraph 52.

53. Fireman's Fund denies the allegations set forth in paragraph 53.

54. Fireman's Fund denies the allegations set forth in paragraph 54.

55. The averments set forth in paragraph 55 consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

56. The averments set forth in paragraph 56 consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

57. The averments set forth in paragraph 57 consist of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and Fireman's Fund demands that Plaintiff's claims against it be dismissed, and further demands judgment in its favor, including costs, fees, and attorney's fees otherwise available under the law, and any other relief that the Court may deem just and proper.

## **Affirmative Defenses**

58. The complaint fails to state a cause of action upon which relief can be granted.

59. Plaintiff failed to mitigate damages.

60. Plaintiff is not covered under the relevant insurance policy.

61. Plaintiff is subject to a policy exclusion from coverage for the allegations contained within the Complaint.

62. The criminal action involving Plaintiff does not constitute a Claim for purposes of the relevant insurance policy.

63. The criminal action involving Plaintiff does not seek Damages for purposes of the relevant insurance policy.

64. The criminal action involving Plaintiff does not involve Professional Services for purposes of the relevant insurance policy.

65. The defenses presented in a letter of October 12, 2020 from Allianz to Telemachus P. Kasulis of Morvillo Abramowitz Grand Iason & Anello P.C.

66. The defenses presented in a letter of October 4, 2021 from Clyde & Co to Andrew N. Bourne, Esq. of Cohen Ziffer Frenchman & McKenna.

67. Plaintiff does not qualify as an Insured, in particular because he may not have been acting within the scope of his duties on behalf of Rivkin Radler.

68. Exclusion B of the relevant policy may exclude coverage.

69. Exclusion B of the relevant policy may be applicable because the criminal action involving Plaintiff arises out of alleged dishonest, fraudulent, criminal and malicious acts and deliberate misrepresentations by Plaintiff.

70. Exclusion A of the relevant policy may exclude coverage.

71. Exclusion D of the relevant policy may exclude coverage.

72. Exclusion G of the relevant policy may exclude coverage.

73. Waiver.

74. Estoppel.

75. Plaintiff failed to comply with a condition of timely notice of a claim, which may limit or preclude insurance coverage.

76. Plaintiff failed to provide information relevant to the insurance claim in a timely manner.

77. Plaintiff's damages are limited because of a delay in notifying Defendant of a claim or potential claim.

78. Statute of limitations.

79. Any injuries or damages sustained by the Plaintiff were caused by or contributed to by the negligence, lack of care, or culpable conduct of Plaintiff. Plaintiff's damages, if any, should be diminished in proportion to which the negligence, lack of care, or culpable conduct attributable to Plaintiff bears to the culpable conduct that caused the damages.

**WHEREFORE**, Fireman's Fund demands that Plaintiff's claims against it be dismissed, and further demands judgment in its favor, including costs, fees, and attorney's fees otherwise available under the law, and any other relief that the Court may deem just and proper.

Date: January 24, 2022

Respectfully submitted,

s/Rafael Vergara
Rafael Vergara, Esq.
Monica Doss, Esq.
White and Williams LLP
7 Times Square, Suite 2900
New York, New York 10036
(212) 244-9500
vergarar@whiteandwilliams.com
dossm@whiteandwilliams.com
*Attorneys for defendant Fireman's Fund Insurance Company*