

**Andrew N. Bourne**
212.584.1805 D
abourne@cohenziffer.com

1350 Avenue of the Americas
New York, NY 10019

212.584.1890 P
212.584.1891 F

June 3, 2022

**VIA ECF**

The Honorable Joan M. Azrack
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

**RE:** ***Kurland v. Fireman's Fund Insurance Company*,
Civil Action No. 2:21-CV-06440 (JMA) (SIL)**

Dear Judge Azrack:

      We represent Plaintiff Jason M. Kurland ("Mr. Kurland") in the above-referenced matter. As the Court may recall, this is an insurance coverage action in which Mr. Kurland seeks a judgment that Defendant Fireman's Fund Insurance Company ("Fireman's Fund") must pay defense costs incurred by Mr. Kurland in the Underlying Action.[1] This issue is presently before the Court in a fully-briefed motion filed by Mr. Kurland seeking summary judgment on Fireman's Fund duty to defend him in the Underlying Action (the "Motion"), and Fireman's Fund's cross-motion for summary judgment that it owes Mr. Kurland no defense. *See* ECF Nos. 20-22. As the trial in the Underlying Action is scheduled to begin in just five weeks, on July 11, 2022, we write to respectfully request that the Court convert Mr. Kurland's pending Motion into a motion for a preliminary injunction requiring Fireman's Fund to pay, on a current and continuing basis, costs Mr. Kurland has incurred to defend against the claims made in the Underlying Action.

      Mr. Kurland is entitled to injunctive relief. A party seeking a preliminary injunction must show that: (1) he is likely to suffer irreparable harm without injunctive relief; (2) either he is likely to succeed on the merits, or (in the alternative) there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and the balance of hardships tips decidedly in his favor; and (3) the public interest is served by the injunction. *See, e.g., Citigroup Global Mkts. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010); *Louis Vuitton*

---

[1] The term "Underlying Action" refers to the criminal action captioned *United States v. Chierchio, et al.*, No. 20 Cr. 306 (E.D.N.Y.), pending before the Honorable Nicholas J. Garaufis.

The Honorable Joan M. Azrack
June 3, 2022
Page 2

*Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 113-14 (2d Cir. 2006).

**First**, under black-letter law, Mr. Kurland faces irreparable harm if he does not receive his bargained-for insurance coverage in the face of criminal charges. "The failure to receive defense costs under a professional liability policy at the time they are incurred constitutes an immediate and direct injury sufficient to satisfy the irreparable harm requirement" necessary to grant a preliminary injunction. *XL Specialty Ins. Co. v. Level Glob. Inv'rs*, 874 F. Supp. 2d 263, 272 (S.D.N.Y. 2012) (involving an underlying criminal case); *see also Li v. Certain Underwriters at Lloyd's*, 183 F. Supp. 3d 348, 362 (E.D.N.Y. 2016) (criminal defendant faced "an actual and imminent injury and has established irreparable harm" where insurers refused to advance defense costs); *Rochester Drug Co-Operative, Inc. v. Hiscox Ins. Co., Inc.*, 466 F. Supp. 3d 337, 362 (W.D.N.Y. 2020) ("[M]ost courts finding irreparable harm for the failure to receive defense costs have done so in the context of individuals . . . facing criminal charges . . . .") (collecting cases). Indeed, "the full extent of the harm and risk" to individuals facing potential criminal liability includes "a real risk . . . not only of monetary liability, but of prosecution and loss of liberty." *XL Specialty*, 874 F. Supp. 2d at 273; *see also In re WorldCom, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 469 (S.D.N.Y. 2005) (The ability to mount a successful defense requires competent and diligent representation. The impact of an adverse judgment will have ramifications beyond the money that will necessarily be involved. There is the damage to reputation, the stress of litigation, and the risk of financial ruin – each of which is an intangible but very real burden).[2]

Here, absent a preliminary injunction directing Fireman's Fund to pay, on a current and continuing basis, Mr. Kurland's defense costs, Mr. Kurland's ability to mount a vigorous defense will be severely prejudiced. Mr. Kurland will continue to incur significant fees and costs in relation to his upcoming trial in the Underlying Action. And without adequate resources to fully vindicate himself against the complex charges against him in the underlying criminal matter, Mr. Kurland stands to lose not only the tens of millions of dollars of restitution and forfeiture that would be imposed upon any conviction, but also his liberty. These consequences are more than sufficient to demonstrate irreparable harm to Mr. Kurland if an injunction is not granted.

**Second**, Mr. Kurland is likely to prevail on the merits of his claim against Fireman's Fund for all of the reasons set forth in his Motion, which he fully incorporates herein by reference. As discussed in his Motion (ECF No. 20 at 114-124; ECF No. 22 at 8-20), the unambiguous language of the applicable insurance policy obligates Fireman's Fund to defend Mr. Kurland in the Underlying Action, and Fireman's Fund has offered no legitimate justification to deny coverage. Mr. Kurland has demonstrated his likelihood of success and will prevail on his claim.

Even assuming, *arguendo*, that Mr. Kurland could not demonstrate a likelihood of success on the merits, this Court may still issue a preliminary injunction where there are "sufficiently

---

[2] Courts outside of New York similarly find that criminal defendants suffer irreparable harm if they cannot access funds needed for a defense. *See, e.g., Flood v. ClearOne Commc'ns, Inc.*, 2009 WL 87006, at *15-16 (D. Utah Jan. 12, 2009) (finding irreparable harm and granting injunctive relief where indemnitee "face[d] a criminal trial in less than three weeks"), *vacated on other grounds*, 618 F.3d 1110 (10th Cir. 2010); *In re CyberMedica, Inc.*, 280 B.R. 12, 18-19 (Bankr. D. Mass. 2002) (granting relief from automatic stay in bankruptcy because directors and officers would suffer irreparable harm if prevented from exercising rights to legal defense payments under D&O policy).

The Honorable Joan M. Azrack
June 3, 2022
Page 3

serious questions going to the merits to make them a fair ground for litigation" and the "balance of hardships tip[s] decidedly" in his favor.  *Citigroup Global*, 598 F.3d at 35; *Louis Vuitton*, 454 F.3d at 113-14.  "The ability to mount a successful defense requires competent and diligent representation."  *WorldCom*, 354 F. Supp. 2d at 469.  When faced with a motion for a preliminary injunction for an insurer's contemporaneous payment of defense costs, the balance of hardships "not only decisively but lopsidedly" favors the insured.  *XL Specialty*, 874 F. Supp. 2d at 276.

      Here, this inquiry is straightforward.  At minimum, Fireman's Fund's coverage obligations are a fair ground for litigation.  Moreover, absent injunctive relief, Mr. Kurland faces not only unquestionable severe financial losses, but also the substantial risk of conviction followed by a (possibly lengthy) prison sentence, financial ruin, and irremediable reputational injury.  In the starkest contrast, Fireman's Fund faces, at most, a mere monetary loss that it is significantly more able to bear than Mr. Kurland, and which it contractually promised to him in exchange for substantial premiums.  Thus, the balance of equities tips overwhelmingly in Mr. Kurland's favor.

      ***Third***, and finally, public interest is served by imposing a preliminary injunction.  It is in the public's interest to require insurers to adhere to their bona fide contractual obligation to defend their insureds.  *See, e.g.*, *Rochester Drug*, 466 F. Supp. 3d at 362; *Rex Med. L.P. v. Angiotech Pharm. (US), Inc.*, 754 F. Supp. 2d 616, 626 (S.D.N.Y. 2010) ("The public has an interest in seeing that parties oblige by their contractual obligations and are not allowed to skirt such obligations at another's expense.").  This is because insureds are "entitled to expect that [they] could hold [their insurers] to the terms of [their policies] should a dispute arise," even if that dispute involves allegations of criminal conduct.  *Rochester Drug*, 466 F. Supp. 3d at 362; *see also In re Platinum-Beechwood Litig.*, 378 F. Supp. 3d 318, 330 (S.D.N.Y. 2019) (public policy favors advancement of defense costs even if indemnitees are accused of "serious misconduct").

      Here, Mr. Kurland expected that Fireman's Fund would insure him in his most critical time of need, as it promised it would do.  The public interest is served by affording Mr. Kurland the benefit of receiving his bargained-for defense and requiring Fireman's Fund to adhere to its contractual obligations, regardless of the baseless allegations against Mr. Kurland.

      For all of these reasons, Mr. Kurland respectfully requests that Your Honor convert his motion for partial summary judgment to a motion for preliminary injunction so that he may adequately protect his rights in light of his impending trial.

      Respectfully submitted,

      Andrew N. Bourne

cc:    All Counsel of Record (*via* ECF)

4857-5806-3651, v. 1