

**Rafael Vergara**

7 Times Square, Suite 2900 | New York, NY 10036-6524
Direct 212.631.4416 | Fax 212.631.4436
vergarar@whiteandwilliams.com | whiteandwilliams.com

June 6, 2022

Hon. Joan M. Azrack, U.S.D.J.
U.S. District Court, Eastern District of New York

Re:   Kurland v. Fireman's Fund Ins. Co., Case no. 2:21-cv-06440-JMA-SIL
      <u>**Opposition to Plaintiff letter requesting preliminary injunction.**</u>

Dear Judge Azrack:

   I represent defendant Fireman's Fund Insurance Company.  This letter opposes Plaintiff's request to convert his motion for summary judgment "into a motion for a preliminary injunction requiring Fireman's Fund to pay" defense costs (ECF 24).

   Plaintiff's request is procedurally unorthodox and substantively deficient.  Presumably, Plaintiff's letter should be construed as a request for a pre-motion conference under Your Honor's rules.  While a conference may assist with case management, Plaintiff's request to have the Court convert either of the summary judgment motions made under Fed. R. Civ. P. 56 into a preliminary injunction motion under Fed. R. Civ. P. 65 is procedurally wrong as a matter of law.  Moreover, substantively, it would be an error of law to alter drastically the status quo by imposing an injunction that would for the first time force Fireman's Fund to pay insurance benefits to Plaintiff.  Nothing in the insurance policy at issue obviously provides insurance coverage for the criminal allegations against Plaintiff, and Fireman's Fund has never indicated coverage was available.  Thus, the status quo for Plaintiff throughout his criminal proceeding has been no insurance coverage from Fireman's Fund, and Plaintiff cannot justify entitlement to an injunction under the law of the Second Circuit.

   Plaintiff's request is for a mandatory injunction as opposed to a prohibitory injunction.  This is so because the injunction sought would alter the status quo.  Plaintiff's insurance claim was rejected from the beginning.  Plaintiff's request seeks to turn the rejection into an acceptance,

which would effectively decide the entire case. Such an alteration of the status quo can only be done through the vehicle of a preliminary injunction upon meeting an even *higher standard* than what would be required by a prohibitory injunction. The Second Circuit requires "the movant to meet a higher standard where: (i) an injunction will alter, rather than maintain, the status quo, or (ii) an injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits." *Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995). Both of these hurdles militate against Plaintiff obtaining an injunction.

Plaintiff's letter refers to the wrong legal standard for granting preliminary injunctions. Plaintiff cites to *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, but that case explicitly states that the general standard for a preliminary injunction does not apply in the context of a *mandatory* injunction. *See* 598 F.3d 30, 35 n.4 (2d Cir. 2010) (recognizing three exceptions). The other case Plaintiff cites, *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, also distinguishes between mandatory injunctions and prohibitory injunctions (454 F.3d 108, 114 (2d Cir. 2006)), but Plaintiff's letter neglects to mention the distinction.

Plaintiff's reliance on the prohibitory injunction standard infects Plaintiff's analysis. For example, Plaintiff cites to *XL Specialty Ins. Co. v. Level Glob. Inv'rs, L.P.*, 874 F. Supp. 2d 263, 272 (S.D.N.Y. 2012), which said that the "injunction sought is prohibitory, not mandatory." That distinction between prohibitory injunctions and a mandatory injunction like Plaintiff seeks here matters. To obtain a mandatory injunction it is not enough that "there 'are sufficiently serious questions going to the merits to make them a fair ground for litigation.'" (Pl.'s letter at 2-3, ECF 24.) Indeed, the standard under *Tom Doherty Assocs.*, 60 F.3d at 34, does not contemplate a mandatory injunction based merely on the existence of serious questions existing as to the merits. Rather, a likelihood of success on the merits must be demonstrated to obtain a mandatory injunction.

Plaintiff fails to demonstrate a likelihood of success on the merits of this case. Succinctly, Fireman's Fund made a cross-motion for summary judgment on the grounds that Plaintiff is not entitled to coverage because the criminal proceeding against him does not constitute a "Claim" and does not seek "Damages" under defined terms in an insurance policy. Fireman's Fund

Hon. Joan M. Azrack, U.S.D.J.
June 6, 2022
Page 3

supported that position through briefing on the pending cross-motion for summary judgment, and Plaintiff had a full opportunity to brief his position. Considering that the parties' summary judgment motions are fully submitted, there is no good reason to impose an injunction that will alter the status quo at this late date.

Imposing an injunction, moreover, may have the effect of imposing irreparable harm on Fireman's Fund. The practical reality is that once the status quo is altered, it may be difficult to undo it afterwards if Fireman's Fund prevails on the merits. Plaintiff anticipates that if criminally convicted there might be a lengthy prison sentence. (Pl.'s letter at 3, ECF 24.) That scenario would present a serious challenge to Fireman's Fund in its ability to recoup funds.

Fireman's Fund would welcome a conference with the Court to further discuss this matter. There is plainly an inadequate motion record to evaluate a request for preliminary injunction under Fed. R. Civ. P. 65. Considering that summary judgment motions are already pending, it seems inefficient to create a new motion record focused on a request for preliminary injunction. While Plaintiff is apparently going through a difficult time generally, the reality is that Fireman's Fund did not provide the insurance coverage Plaintiff seeks here. Fireman's Fund has never given Plaintiff reason to believe that coverage existed, so there has never been an alteration of the status quo. There is no reason to change that status quo now. Respectfully, the best approach to proceed is to allow the Court to continue its process of deciding the summary judgment motions in the normal course.

Respectfully submitted,
WHITE AND WILLIAMS LLP
s/ Rafael Vergara

cc: Counsel of record, through filing on ECF

28986193v.1