UNITED STATES DISTRICT COURT                    <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JASON M. KURLAND,

                                        Plaintiff,        **<u>ORDER</u>**
                                                         21-CV-06440 (JMA) (SIL)
              -against-                                       **FILED**
                                                             **CLERK**

FIREMAN'S FUND INSURANCE COMPANY,
                                                       11:12 am, Dec 14, 2022
                                        Defendant.
-------------------------------------------------------------------X      **U.S. DISTRICT COURT**
                                                          **EASTERN DISTRICT OF NEW YORK**
**AZRACK, United States District Judge:**                     **LONG ISLAND OFFICE**

 Before the Court is the motion of Defendant Fireman's Fund Insurance Company

("Fireman's Fund") for reconsideration of this Court's Order, (ECF No. 27, "June 29 Order"),

which granted, on the issue of liability, Plaintiff Jason Kurland's ("Kurland") motion for partial

summary judgment and denied Fireman's Fund's cross-motion for summary judgment.  (ECF No.

31.)  Fireman's Fund also moves, in the alternative, for:  (i) modification of the June 29 Order

concerning the timing of payment of defense costs; and (ii) certification of the June 29 Order as a

final judgment pursuant to Federal Rule of Civil Procedure 54(b).  For the following reasons, the

motion for reconsideration on liability and the motion for certification under Rule 54(b) are

DENIED.  The motion for modification concerning the timing of payment is GRANTED.

## I. MOTION FOR RECONSIDERATION

 The Court assumes familiarity with the background of this case.[1]  In the June 29 Order, the

Court determined that the Indictment in the Underlying Action represents a "Claim" seeking

"Damages," as those terms are defined in the Policy.  As a result, the Court granted partial summary

judgment for Kurland as to liability on his breach of contract claim.  Fireman's Fund now moves

---

[1] All capitalized terms used in this Order have the same meaning as defined in the June 29 Order.

for reconsideration of the June 29 Order, arguing that the Court "overlooked several legal concepts and data in determining that a duty to defend exists." (Def.'s Mem. at 1, ECF No. 31-1.)

## A.   <u>Standard of Review</u>

The standard for granting a motion for reconsideration is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "This strict standard is intended to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." <u>Great Am. Ins. Co. v. Zelik</u>, 439 F. Supp. 3d 284, 286 (S.D.N.Y. 2020) (internal quotation marks and citations omitted). Accordingly, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." <u>Shrader</u>, 70 F.3d at 257. Nor may a party moving for reconsideration "present new or alternative theories that they failed to set forth in connection with the underlying motion." <u>Intelligent Digital Sys., LLC v. Beazley Ins. Co.</u>, 962 F. Supp. 2d 451, 457 (E.D.N.Y. 2013) (citations omitted). Instead, the "major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" <u>U.S. Bank Nat'l Ass'n v. Triazz Asset Mgmt. LLC</u>, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting <u>Aczel v. Labonia</u>, 584 F.3d 52, 61 (2d Cir. 2009)).

## B.   Analysis

Fireman's Fund advances several arguments in support of its motion.  (Def.'s Mem. at 2–13.)  None, however, satisfies the "strict" standard for reconsideration.  Shrader, 70 F.3d at 257.

### 1.   Whether the Underlying Action Is a "Claim"

Fireman's Fund argues that the Court "erred by construing Claim to include criminal proceedings."  (Def.'s Mem. at 3.)  Fireman's Fund advances three purported errors in the Court's analysis.  None presents a basis to overturn the June 29 Order.

Fireman's Fund asserts that, in interpreting the term "suit" in the Policy's definition of "Claim," the Court "overlooked the canon of construction of noscitur a sociis—that 'a word is known by the company it keeps.'"  (Def.'s Mem. at 3 (citing SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 445 F. Supp. 2d 320, 352 (S.D.N.Y. 2006)).  But, as Fireman's Fund itself recognizes, (see Def.'s Mem. at 3–4), the Court already considered the terms surrounding "suit" in the Policy and concluded that "suit" is subject to more than one reasonable interpretation.  (See June 29 Order at 8–9.)  Mere disagreement with the Court's analysis is not a valid basis for reconsideration, as the Court "will not re-litigate the merits of the underlying dispute on a motion for reconsideration."  Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co., No. 08-CV-10518, 2011 WL 1347001, at *2 (S.D.N.Y. Apr. 4, 2011), aff'd, 495 F. App'x 129 (2d Cir. 2012).  In any event, Fireman's Fund waived this argument by failing to raise it in its summary judgment briefing.  (See June 29 Order at 9.)  In seeking reconsideration, it cannot now "present new or alternative theories that [it] failed to set forth in connection with the underlying motion."  Intelligent Digital Sys., 962 F. Supp. 2d at 457.

Fireman's Fund's other arguments regarding the interpretation of "Claim" fare no better.  (Def.'s Mem. at 4–5.)  Fireman's Fund asserts that the Court "overlooked" these arguments—an assertion belied by its acknowledgment that the Court already "rejected" them in the June 29 Order.

3

(Def.'s Mem. at 4; June 29 Order at 9–11, 15–16.)   Reconsideration is therefore inappropriate because, as Fireman's Fund admits, it merely "challenges [the Court's] analysis and reading of the [Policy]."  Women's Integrated Network, 2011 WL 1347001, at *2; see also Gustavia Home, LLC v. Rice, No. 16-CV-2353, 2017 WL 3669007, at *1 (E.D.N.Y. July 12, 2017) (a motion for reconsideration "is not a proper tool for a party dissatisfied with the court's ruling to merely relitigate issues previously determined by the court or reargue the same points that were previously raised and rejected") (citations omitted).

### 2.      Whether the Underlying Action Seeks "Damages"

Fireman's Fund argues that the Court erred in holding that the Underlying Action seeks "Damages."  (Def.'s Mem. at 6–13.)   Again, its arguments fail to satisfy the "strict" standard for reconsideration.  Shrader, 70 F.3d at 257.

Fireman's Fund contends that the Court committed error "by overlooking that the recent case law from this District Court that does not treat restitution as 'damages' for purposes of insurance."  (Def.'s Mem. at 7.)  Fireman's Fund points to a recent case from this district, which noted—in the context of a choice-of-law analysis—that New York law does not consider "'damages,' as that term is used in insurance policies," to include "restitution of profits 'wrongfully acquired' or 'ill-gotten' from trademark infringement."  Safety Nat'l Cas. Corp. v. Floor & Decor Outlets of Am., Inc., No. 21-CV-2023, 2022 WL 1720433, at *3 (E.D.N.Y. May 27, 2022) (citing cases).   But, Safety National and the cases on which it relied are distinguishable:  the policies at issue in those cases did not define "damages" to include "compensatory judgments," as the Policy does here.  As a result, neither Safety National nor any of the other cases that Fireman's Fund cites involving similarly worded policies, (Def.'s Mem. at 9–10), provide a basis to overturn the June

29 Order.  The Court already distinguished, on similar grounds, other cases cited by Fireman's Fund.[2]  (See June 29 Order at 14 n.5; Def.'s Mem. at 7 (citing ECF No. 21 at 8–9)).

Fireman's Fund also argues that—in concluding that restitution falls within the Policy's definition of "Damages" because restitution is, at least in part, compensatory—the Court should not have looked to the New York Court of Appeals' decision in J.P. Morgan Securities, Inc. v. Vigilant Insurance Company, 183 N.E.3d 443 (N.Y. 2021).  (Def.'s Mem. at 8–9.)  According to Fireman's Fund, the Court "overlooked . . . the change in the legal landscape created by [J.P. Morgan]," and "[t]he 2020 insurance policy at issue should not be subjected to the legal principles that first came into being in late 2021."  (Def.'s Mem. at 8.)  However, Fireman's Fund misreads J.P. Morgan and longstanding, controlling New York case law.  As the Court of Appeals explained in J.P. Morgan, referring to insurance policies issued in 2000, "before the insurance contracts were issued here, we had determined that, where a sanction has both compensatory and punitive components, it should not be characterized as punitive in the context of interpreting insurance policies."  183 N.E.3d at 449 (emphasis added) (citing Zurich Ins. Co. v. Shearson Lehman Hutton, 642 N.E.2d 1065 (N.Y. 1994) (holding that an insurer was obligated to provide coverage in connection with a punitive damages award because the award "could include both punitive and compensatory elements")).  Fireman's Fund's claim that the legal principles applied in J.P. Morgan "first came into being in late 2021" is simply incorrect.  Applying these well-established principles, the June 29 Order concluded that, because the Policy defines "Damages" to include "compensatory judgments," and "[b]ecause restitution serves, 'at least in part,' a compensatory purpose," "the possibility of mandatory restitution represents 'Damages' sought in the Underlying Action."  (June 29 Order at 11–14.)  Fireman's Fund may disagree with Court's interpretation of the Policy under

---

[2]      Additionally, as the Court previously explained in the June 29 Order, the cases that Fireman's Fund cited on this issue in its summary judgment briefing did not interpret insurance policies under New York law.  (See June 29 Order at 14 n.5 (discussing In re Enron and the cases cited therein).)

New York law, but it has not raised any "controlling decisions . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

Fireman's Fund also contends that "the Court improperly speculated that restitution must be part of a sentence Kurland would get upon conviction and speculated that there was a victim that would be compensated—and none of that speculation is premised on the indictment." (Def.'s Mem. at 13.)  This argument is meritless.  Both the Indictment and the Superseding Indictment charged Kurland with wire fraud (18 U.S.C. § 1343) and conspiracy to commit wire fraud (18 U.S.C. § 1349) as part of a scheme to defraud three lottery winners who retained Kurland's legal services, referred to in the Indictments as the "Lottery Victims."  Because wire fraud is an offense subject to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, see United States v. Parnell, 959 F.3d 537, 540 (2d Cir. 2020), the June 29 Order explained that, if Kurland were convicted of fraud, the MVRA would require the sentencing court to order restitution to any victim of the offense.  (June 29 Order at 12.)  As the foregoing makes clear, the June 29 Order was not based on "speculation" regarding the Indictments.  In any event, Fireman's Fund raises this argument for the first time in this motion, and it is therefore procedurally improper.  See Intelligent Digital Sys., 962 F. Supp. 2d at 457.

Fireman's Fund's remaining contentions, (see Def.'s Mem. at 8–13), merely seek to re-litigate the merits of the June 29 Order or present arguments not properly raised on a motion for reconsideration.

Ultimately, while Fireman's Fund may disagree with Court's interpretation of the Policy under New York law, it has not "point[ed] to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.  Nor has it presented "an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice" sufficient to warrant reconsideration of the June 29 Order.  Virgin Atl., 956 F.2d at 1255.

Accordingly, except as discussed below, the motion for reconsideration is denied.

**C.    Modification of the June 29 Order**

Separately, Fireman's Fund objects to the June 29 Order to the extent that it requires Fireman's Fund "to _immediately_ pay . . . Kurland's defense costs in the Underlying Action."  (June 29 Order at 17 (emphasis added).)  According to Fireman's Fund, "[u]nder the insurance policy, Fireman's Fund is not subject to simply paying whatever amount Kurland demands," and therefore, Fireman's Fund "should be given the normal opportunity of assessing whether defense costs are reasonable and necessary."  (Def.'s Mem. at 15–16.)  Fireman's Fund suggests that it "be given 30 days review time after the decision on this motion to determine payment with regard to defense bills submitted to it."  (Def.'s Reply at 9, ECF No. 31-3.)  Although Kurland argues that "Fireman's Fund should be required to immediately pay the reasonable and necessary costs" that he has incurred in the Underlying Action, he acknowledges that "Fireman's Fund is entitled to review these defense bills to determine what is reasonable and necessary to his defense[.]"  (Pl.'s Opp'n at 16–17, ECF No. 31-2.)

To the extent that the June 29 Order may be construed to require Fireman's Fund to immediately pay Kurland's defense costs—without an opportunity to review them—the Order should be modified and clarified.  Accordingly, the June 29 Order is modified and clarified as follows:  Fireman's Fund will have thirty days from the date of this Order to review all invoices submitted by Kurland for defense costs incurred through the date of his conviction.[3]  The parties

---

[3]    As of November 23, 2022, Kurland has provided to Fireman's Fund "all invoices incurred by Mr. Kurland in the defense of the [U]nderlying [A]ction until the date of conviction."  (ECF No. 36.)

shall file a status report on January 12, 2023 informing the Court whether they can reach agreement on the amount of defense costs Fireman's Fund must pay under the Court's ruling on liability.

## II.      MOTION FOR CERTIFICATION OF A FINAL JUDGMENT

Fireman's Fund moves, in the alternative, for the June 29 Order to be "certified as a final judgment under Fed. R. Civ. P. 54(b) so that it can be immediately appealed." (Def.'s Mem. at 17.)

### A.      Legal Standard

Federal Rule of Civil Procedure 54(b) "authorizes a district court to enter partial final judgment 'when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved in the action." Linde v. Arab Bank, PLC, 882 F.3d 314, 322–23 (2d Cir. 2018) (quoting Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co., 769 F.3d 135, 140 (2d Cir. 2014)) (brackets removed). As relevant here, "Rule 54(b) authorizes entry of judgment in favor of a plaintiff's damages claims only where there has been a finding of liability and the court has 'fixed the damages.'" Id. at 323 (quoting Western Geophysical Co. of Am. v. Bolt Assocs., Inc., 463 F.2d 101, 102 (2d Cir. 1972)). On the other hand, "a grant of 'partial summary judgment limited to the issue of liability, which reserves the issue of damages and other relief is not "final" within the meaning of 28 U.S.C. § 1291,' and, therefore, 'not certifiable pursuant to Rule 54(b).'" Id. (quoting Acha v. Beame, 570 F.2d 57, 62 (2d Cir. 1978)); see also Mead v. Reliastar Life Ins. Co., 768 F.3d 102, 110 (2d Cir. 2014) (citing Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976) (explaining that decisions granting partial summary judgment but leaving the "award[ ] of other relief . . . to be resolved have never been considered . . . 'final' within the meaning of 28 U.S.C. § 1291")).

8

**B.**     **Analysis**

The Court cannot certify the June 29 Order as a final judgment because no claim has been "finally determined" within the meaning of Rule 54(b).

The June 29 Order granted summary judgment in Kurland's favor on his breach of contract claim—but only as to liability.  It did not "fix[ ] the damages."  Linde, 882 F.3d at 323 (citation omitted).  Indeed, even Fireman's Fund acknowledges that, "[i]f there is a duty to defend, the amount of damages for which Fireman's Fund may be liable is still an open question."  (Def.'s Mem. at 15 (emphasis added).)  Because the June 29 Order did not resolve the amount that Fireman's Fund may be required to pay under the Policy, it is not certifiable as a final judgment pursuant to Rule 54(b).  Cf. Linde, 882 F.3d at 323 (holding that judgment was final because "if this court were to affirm, . . . plaintiffs would be entitled to the $100,000,000 damages identified in the judgment and could sue for enforcement"); Cap. Distribution Servs., Ltd. v. Ducor Exp. Airlines, Inc., 462 F. Supp. 2d 354, 357–58 (E.D.N.Y. 2006) ("Because this court's decision granting summary judgment of $242,500 ended the litigation of [plaintiff]'s fraudulent conveyance claim against [defendant] on the merits, and has left nothing for this court to do but execute its judgment, it is final.").

Moreover, even if the Court were to assume, for the sake of argument, that Kurland's declaratory judgment claim is a discrete claim for purposes of Rule 54(b), the Court would, in its discretion, deny certification under Rule 54(b).  Fireman's Fund can pursue an appeal of all claims once the issue of damages has been resolved.

Accordingly, Fireman's Fund's motion to certify the June 29 Order as a final judgment under Rule 54(b) is denied.

### III.    CONCLUSION

For the foregoing reasons, Fireman's Fund's motions for (i) reconsideration on liability and (ii) certification under Rule 54(b) are DENIED.   Its motion for modification concerning the timing of payment is GRANTED.

The Court lifts the stay imposed by its Electronic Order dated July 6, 2022.  Fireman's Fund will have thirty days from the date of this Order to review all invoices submitted by Kurland for defense costs incurred through the date of his conviction.  The parties shall file a status report on January 13, 2023 informing the Court whether they can reach agreement on the amount of defense costs Fireman's Fund must pay under the Court's ruling on liability.

**SO ORDERED.**

Dated:  December 14, 2022
Central Islip, New York

                                              /s/   (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE